# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| STEVEN RANDALL, | § | |
| Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO. 4:13-cv-03447 |
| ALLTECH, INC. | § § § | |
| Defendant. | § § | |

### DEFENDANT'S ORIGINAL ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFF'S ORIGINAL COMPLAINT

Defendant Alltech, Inc. ("Alltech" or "Defendant") files this Original Answer and Affirmative and Other Defenses to Plaintiff Steven Randall's ("Plaintiff" or "Randall") Original Complaint ("Complaint") in numbered Paragraphs corresponding to the numbered Paragraphs of the Complaint. Defendant denies each and every allegation not expressly admitted herein. In support hereof, Defendant respectfully shows the following:

## I.  ANSWER

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant denies all averments of the Complaint except the designated averments expressly admitted below. With respect to the Complaint allegations, the following responses correspond numerically to the paragraphs of the Complaint.

1. Defendant is not required to respond to Paragraph 1 because it contains nothing more than legal conclusions that do not warrant a response. However, to the extent Paragraph 1 asserts factual allegations, Defendant denies the allegations in Paragraph 1.

2. Defendant does not have sufficient information to admit or deny the veracity of Plaintiff's averment concerning Plaintiff's residence, but assumes it is true. Defendant admits that Plaintiff was an employee of Alltech.

3. Defendant admits the allegations contained in Paragraph 3.

4. Defendant is not required to respond to Paragraph 4 because it contains nothing more than legal conclusions that do not warrant a response. However, to the extent Paragraph 4 asserts factual allegations, Defendant admits that it employed Plaintiff and denies the remaining allegations in Paragraph 4.

5. Admitted

6. Defendant admits that Plaintiff was classified as exempt and paid on a salary basis. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 6, including that Plaintiff routinely worked in excess of forty (40) hours (overtime hours).

7. Denied.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

## II. ANSWER TO PRAYER

Defendant is not required to respond to Plaintiff's prayer for relief. However, to the extent the prayer for relief alleges that Defendant engaged in any unlawful conduct or that Plaintiff is entitled to any damages or recovery from Defendant, such allegation is denied.

## III. AFFIRMATIVE AND OTHER DEFENSES

1. Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief can be granted, and, accordingly, must be dismissed.

2. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

3. Pleading in the alternative, while denying that overtime pay is due under the FLSA and accompanying regulations, Defendant asserts that any time periods for which Plaintiff is claiming entitlement to overtime pay falls within the "*de minimis*" exception.

4. Pleading in the alternative, while denying that overtime pay is due under the FLSA and accompanying regulations, Defendant asserts that the claims of Plaintiff are barred as to all hours during which Plaintiff was engaged in activities that were preliminary or postliminary to his principal activities.

5. Pleading in the alternative, while denying that overtime pay is due under the FLSA and accompanying regulations, Defendant asserts that the claims of Plaintiff are barred as to all hours allegedly worked of which Defendant lacked actual or constructive knowledge.

6. Pleading in the alternative, while denying that overtime pay is due under the FLSA and accompanying regulations, Defendant asserts that the claims of Plaintiff are barred, in whole or in part, by statutory exemptions, exclusions, exceptions, or credits under the FLSA, during some or all of his employment with Defendant. This includes, but is not limited to, the administrative exemption, executive exemption, professional exemption, and/or different legal standards for "highly compensated" employees.

7. Pleading in the alternative, while denying that overtime pay is due under the FLSA and accompanying regulations, Defendant asserts that if Plaintiff proves that Defendant

acted in violation of the FLSA, either by action or omission, such action or omission was not willful or reckless and a three-year statute of limitations would not be warranted.

8. Pleading in the alternative, while denying that overtime pay is due under the FLSA and accompanying regulations, Defendant asserts that if Plaintiff proves that Defendant acted in violation of the FLSA, either by action or omission, such action or omission was in good faith and based upon a reasonable belief that such action or omission did not violate the federally protected rights of the Plaintiff under the FLSA. Thus, liquidated damages would not be warranted.

9. Pleading in the alternative, while denying that overtime pay is due under the FLSA and accompanying regulations, Defendant asserts that if Plaintiff is able to show that Defendant violated the FLSA, which Defendant specifically denies, Defendant is entitled to use the fluctuating work week method of calculating any alleged relief.

10. Pleading in the alternative, while denying that overtime pay is due under the FLSA and accompanying regulations, Defendant asserts that all or part of Plaintiff's damages are barred because of "unclean hands."

11. Pleading in the alternative, while denying that overtime pay is due under the FLSA and accompanying regulations, Defendant asserts that if Plaintiff is able to show a violation of the FLSA, which Defendant specifically denies, Defendant is entitled to seek a set-off or offset for all compensation and benefits Plaintiff would not have received if she had been properly classified.

12. Pleading in the alternative, while denying that overtime pay is due under the FLSA and accompanying regulations, Defendant asserts that Defendant is entitled to an offset or set-off for any overpayments to Plaintiff.

13. Pleading in the alternative, while denying that overtime pay is due under the FLSA and accompanying regulations, Defendant asserts that while Defendant denies that Plaintiff worked uncompensated overtime, it pleads alternatively that any relief should be offset by personal time spent on the clock for which compensation was paid.

14. Because Plaintiff's Complaint is devoid of substantial facts that might support the claims asserted, Defendant reserves the right to assert additional defenses and affirmative defenses at such time and to the extent warranted by the discovery and factual developments in this case.

**WHEREFORE, PREMISES CONSIDERED,** Defendant requests that this Court deny the Plaintiff any and all relief demanded in his Complaint, and Defendant further requests that it recover its attorneys' fees, costs, and all other relief, at law or in equity, to which it is justly entitled.

Respectfully submitted,

*/s/ Will Stukenberg*
Will Stukenberg
Attorney-in-Charge
State Bar No. 24051397
Federal I.D. No. 55792
william.stukenberg@jacksonlewis.com
Jackson Lewis P.C.
Wedge International Tower
1415 Louisiana, Suite 3325
Houston, Texas 77002
Telephone:   (713) 568-7854
Facsimile:   (713) 650-0405
**ATTORNEYS FOR DEFENDANT**

**OF COUNSEL**:

DeAndrea C. Washington
State Bar No. 24070814
Southern District of TX Bar No. 1057772
DeAndrea.Washington@jacksonlewis.com
Jackson Lewis P.C.
Wedge International Tower
1415 Louisiana, Suite 3325
Houston, Texas 77002
Telephone: (713) 650-0404
Facsimile: (713) 650-0405

## CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of the foregoing document was filed electronically using the CM/ECF, which will send notice of electronic filing to the below counsel of record on December 16, 2013.

     Thomas H. Padgett, Jr.
     Ross Law Group
     4809 Pine Street
     Bellaire, Texas 77401

     Charles L. Scalise
     Daniel Be Ross
     Ross Law Group
     1104 San Antonio Street
     Austin, Texas 78701

     */s/ Will Stukenberg*
     Will Stukenberg